IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROYCE TRENNON, <br> No. 14533, <br><br> Plaintiff, <br><br> v. <br><br> RUTHERFORD COUNTY SHERIFF DEPARTMENT, *et al.*, <br><br> Defendants. | Case No. 3:14-cv-02043 <br> Judge Nixon |

## MEMORANDUM

Plaintiff Royce Trennon, an inmate incarcerated in the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Rutherford County Sheriff's Department and Rudd Medical Services. The Complaint (Doc. No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. Standard of Review

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard

articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II. Factual Allegations

Plaintiff submits pages of general objections to the operation of the jail in various respects, which he acknowledges do not pertain to his lawsuit. (Doc. No. 1 at 3.) According to the Complaint, "this case is about 2 things, under the 8th Amendment": (1) Plaintiff was left in distress with an asthma attack for 2 hours; and (2) he is suffering from back and rib pain and difficulty breathing following a fall from the top bunk that he alleges was caused by some medication he was given. (*Id.* at 14.)

Plaintiff does not elaborate on the particular asthma attack about which he complains, or the jail staff's response to it. He alleges that after falling out of his bunk, he had 4 asthma attacks in 4 days (*id.* at 20), and that after 40 days in the jail "they just are getting my breathing under control." (*Id.* at 15.)

Plaintiff alleges that in connection with his complaints of back and rib pain and breathing problems, he has been given two chest x-rays, both of which were negative, and continues to receive pain medication and multiple prednisone shots. (*Id.* at 18–20.) He also attaches an inmate grievance response from the jail's health services administrator stating that between September 10, 2014 and September 24, 2014, Plaintiff was seen and treated by medical staff 22 times, not including twice daily medication administration, and that he was being treated with prednisone, albuterol breathing treatments, an antibiotic and solumedrol injections. (*Id.* at 23.)

## III. Discussion

Plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583

(6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff fails to state a viable claim against the Rutherford County Sheriff's Department, which is not a "person" subject to suit under § 1983. *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (a county sheriff's department is not a "person" subject to liability under § 1983).

Plaintiff also fails to state a claim for deprivation of his rights under the Eighth Amendment. Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). But mere claims of negligent treatment or medical malpractice do not amount to deliberate indifference. *Estelle*, 429 U.S. at 106. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail under those circumstances, an inmate must establish that the treatment he received was "so woefully inadequate as to amount to no treatment at all." *Ruiz*, 72 F. App'x at 276 (quoting *Westlake*, 537 F.2d at 860 n.5).

Plaintiff's own complaint demonstrates that the jail has provided frequent medical care for his ailments, and that medical staff have made efforts to diagnose his condition and to alleviate his symptoms that cannot be characterized as "woefully inadequate." The simple fact that he continues to experience some pain is not sufficient to establish the ***unnecessary and wanton infliction*** of pain required to offend the Constitution. The jail's medical staff may not have been completely effective in remedying Plaintiff's physical complaints, but they have clearly not been deliberately indifferent to them.

## IV. CONCLUSION

For the reasons set forth herein, this action will be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. An appropriate order is filed herewith.

It is so **ORDERED**.

                                                                      _____
                                                                      JOHN T. NIXON, SENIOR JUDGE
                                                                      UNITED STATES DISTRICT COURT